UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CEROY MODESTE

                          Plaintiff
            -against-
                                                       COMPLAINT
                                                       PLAINTIFF DEMANDS
THE CITY OF NEW YORK                                   TRIAL BY JURY
P.O. KEVIN SAVARY Sh. # 30823
P.O. LAWRENCE WEIN, Sh. # 6402 and POLICE              13-cv- 00077
OFFICER JOHN DOE 1-5

                          Defendants
------------------------------------------------------------------------X

MICHAEL COLIHAN- ATTORNEY AT LAW

                                                       44 Court Street
                                                       Suite 906
                                                       Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
CEROY MODESTE


                              Plaintiff

        -against-

                                              COMPLAINT
                                              PLAINTIFF DEMANDS
THE CITY OF NEW YORK                     TRIAL BY JURY
P.O. KEVIN SAVARY Sh. # 30823
P.O. LAWRENCE WEIN, Sh. # 6402 and POLICE       12 cv-00077
OFFICER JOHN DOE 1-5

                            Defendants
------------------------------------------------------------------------X


## PRELIMINARY STATEMENT

    1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested and falsely imprisoned the plaintiffs on two separate occasions. The particulars of each underlying criminal case are set forth below. In both cases, the plaintiff suffered loss of liberty and serious and severe psychological injuries, the full nature and extent of which have yet to be determined. The plaintiff did not consented to any confinement and it was not otherwise privileged.. Both underlying criminal cases against each plaintiff were dismissed.  By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated their rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law. The

plaintiffs allege that the incidents that are the subject of their complaint are part of a pattern of false arrests and civil rights violations against persons of color by members of The New York City Police Department in Kings County and elsewhere. The motivation for these unlawful arrests is overtime compensation for the arresting officers and the statistical needs of the NYPD. The City has displayed a deliberate indifference to this unlawful and perjurious activity by its employees.

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.   These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b)

## PARTIES

4. That at all times hereinafter mentioned, the plaintiff CEROY MODESTE was and still is a resident of the City & State of New York.

5.. That at all times hereinafter mentioned, the defendant P.O. KEVIN SAVARY, Sh. #30823 was and still is an agent, servant and employee of the defendant THE CITY OF NEW YORK..

6. That at all times hereinafter mentioned, the defendant P.O. LAWRENCE WEIN, Sh. # 6402 was and still is an agent, servant and employee of the defendant THE CITY OF NEW YORK..

7. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

8. That the defendants  POLICE OFFICERS JOHN DOE  1-10 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

## STATEMENT OF RELEVANT FACTS AS TO THE INCIDENT OF 2010

9. That on or about the 8th day of June, 2010, at about 10:25 PM, the plaintiff was lawfully in the City and State of New York .The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

10.  That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .

11. That, upon information and belief,  the plaintiff was wrongfully incarcerated for a period of about five days . The false charges brought against the plaintiff by the defendants included but were not limited to violation of New York State Penal Law Section 265.03, 120.05 and other related charges. The docket number was 2010KN054217. in the Criminal Court of the City of New York and County of Kings.

12. While the plaintiff was being held, his designated " arresting officer" , with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

13. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

14. Upon information and belief, defendants misrepresented to the Kings County District Attorney's Office and the Criminal Court of the City of New York that the plaintiff had committed the crimes of New York State Penal Law New York State Penal Law 265.02 and 120.05 and other related charges .The docket number was 2010 KN054217. Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest.

15. That on or about August 16, 2010 the criminal matter against the plaintiff was dismissed and sealed before Judge Gubbay  in Part AP-1 in the Criminal Court of the City of New York & County of Kings..

16.  That by reason of the foregoing the plaintiff suffered wrongful incarceration, loss of liberty, and suffered  serious and severe psychological injuries, some of which, upon information & belief are permanent in nature.

## STATEMENT OF RELEVANT FACTS AS TO THE INCIDENT OF 2011

17. That on or about the [19h] day of May, 2011 the plaintiff was lawfully in the City and State of New York .The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

18.  That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions .

19. That, upon information and belief,  the plaintiff was wrongfully incarcerated for a period of about five days . The false charges brought against the plaintiff by the defendants included but were not limited to violation of New York State Penal Law Section 140.30 and 160.15 and other related charges. The docket number was 2011KN040008. in the Criminal Court of the City of New York and County of Kings.

20. While the plaintiff was being held, his designated " arresting officer " , with the

acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

21. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

22. Upon information and belief, defendants misrepresented to the Kings County District Attorney's Office and the Criminal Court of the City of New York that the plaintiff had committed the aforementioned crimes in violation of New York State Penal Law . Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest.

23. That on or about February 15, 2012 the criminal matter against the plaintiff was dismissed and sealed before Judge Alexander Jeong in Part AP-1 in the Criminal Court of the City of New York & County of Kings..

24. That by reason of the foregoing the plaintiff suffered wrongful incarceration, loss of liberty, and suffered serious and severe psychological injuries, some of which, upon information & belief are permanent in nature.

.

.

**FIRST CLAIM OF FALSE ARREST AND IMPRISONMENT UNDER STATE LAW AGAINST THE CITY OF NEW YORK AND THE INDIVIDUALLY NAMED  POLICE OFFICERS AS TO ALL PLAINTIFFS**

25.  The plaintiff repeats the foregoing allegations

26.  At all relevant times, the plaintiff had  committed any crime or offense and did not act in a suspicious manner.

27. Despite the innocence of the plaintiffs, the defendants arrested them and or failed to intervene to prevent said false arrest.

28. Accordingly, defendant are labile to plaintiffs under New York State for false arrest and imprisonment, as per the Fourth Amendment.

**SECOND CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS AS TO ALL PLAINTIFFS**

29. Plaintiff repeats the foregoing allegations

30.  At all relevant times, the plaintiff had committed any crime or offense and did not act in a suspicious manner.

31. Despite the innocence of the plaintiff, the defendants arrested her and or failed to intervene to prevent said false arrest.

32. Defendant's actions in making false allegations against the plaintiff ,in injuring him,  in arresting him, in incarcerating him, in forcing him to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has

caused the plaintiff emotional distress.

33. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress.

## THIRD CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS AS TO ALL THE PLAINTIFFS

34. Plaintiff repeats the foregoing allegations

35.  At all relevant times, no plaintiff had committed any crime or offense and did not act in a suspicious manner.

36. Despite the innocence of the plaintiff, the defendants arrested her and or failed to intervene to prevent said false arrest.

37. Defendant's actions in making false allegations against the plaintiff, in injuring him,  in arresting him, in incarcerating him, in forcing her to make repeated appearances in court before this case was dismissed, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

38. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress.

## FOURTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS AS TO ALL PLAINTIFFS

39. Plaintiffs repeat the foregoing allegations

40. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiffs; to be free from unreasonable arrest

, excessive force, summary punishment without trial & due process of law.

41..  Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiffs of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

## FIFTH CLAIM- MONELL VIOLATION AS TO ALL PLAINTIFFS

42. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

43. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

44.. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

45. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD,  and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

46. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

47. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

48. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

49. .In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

50. Particularly in Richmond County, that has been a patter of abuse and false arrest by officers of the NYPD as evidenced by numerous lawsuits by persons of color, mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Souther Districts of New York  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602,  Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066.  Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later

dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.  Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits

51. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

52. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

53.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

54. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury

and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

55. As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

December 16, 2012..

.                                    /s/

--------------------------------------------

MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff

44 Court Street

Suite 911

Brooklyn, NY 11201

(718) 488-7788

MICHAEL COLIHAN- ATTORNEY AT LAW

44 Court Street

Suite 911

Brooklyn, New York 11201

Phone (718) 488-7788

Clerk of the Court

Civil Filings

United States District Court

Southern District of New York          December 17, 2012.

500 Pearl Street

NY, NY 10038

Dear Mesdames & Sirs:

      I represent the plaintiff in this action. I have enclosed the First Amended Complaint for filing. Please stamp and return the copy in the SASE.

      I thank the Court for its time and attention.

MC/ll                                        Very Truly Yours,

.

Michael Colihan